# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| JIMMY JACKSON, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | Case No. CV415-279 |
| STATE OF GEORGIA, | ) ) ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

In 2006, a Georgia court convicted and sentenced Jimmy Jackson to 20 years upon his guilty plea to voluntary manslaughter. Doc. 1; *see also* attached Georgia Department of Corrections inmate info print-out. In his 28 U.S.C. § 2254 petition here,[1] he claims that his lawyer was ineffective and he was railroaded into his guilty plea and sentence. Doc. 1 at 4. But he also says that he took no direct or collateral appeal in that case. *Id.* at 2. His "petition," for that matter, is a hybrid -- part § 2254 form and part civil action form complaint. It "just so happens" to enable

---

[1] He also moves for leave to proceed *in forma pauperis* (doc. 2), which the Court **GRANTS** because of his indigency. The Court is preliminarily reviewing his petition under Rule 4 of the Rules Governing Section 2254 Cases.

him to evade the § 2254 form's preprinted exhaustion and timeliness questions (that part of the form, AO-241 ¶¶ 13-18,[2] is missing and was replaced with a civil action form that asks about other lawsuits, etc.).

Such evasion only underscores the fact that Jackson's petition is untimely. He had to file for § 2254 relief within one year after the date his conviction became final. 28 U.S.C. § 2244(d)(1).[3] That federal habeas clock is stopped only by the pendency of a properly filed state appeal or collateral review proceeding. 28 U.S.C. § 2244(d)(2); *Rich v. Sec'y for Dep't of Corr.*, 512 F. App'x 981, 982–83 (11th Cir. 2013); *Nesbitt v. Danforth*, 2014 WL 61236 at * 1 (S.D. Ga. Jan. 7, 2014) ("28 U.S.C. § 2244(d)(1)'s one-year clock ticks so long as the petitioner does not have a direct appeal or collateral proceeding in play."); *Westmoreland v. Warden*, ___ F.3d ___, 2016 WL 1238241 at * 2 (11th Cir. Mar. 30, 2016) ("[A] Georgia extraordinary motion for new trial can be an application for State post-conviction or other collateral review.") (quotes and cite omitted).

---

[2] Available at http://www.gasd.uscourts.gov/pdf/AO241-GAS.pdf

[3] That provision provides for other events which trigger the one-year limitations period, but none apply here. *See* 28 U.S.C. § 2244(d)(2)-(4).

Hence, sitting on any claim and creating time gaps between proceedings can be fatal. *Kearse v. Sec'y, Fla. Dep't of Corr.*, 736 F.3d 1359, 1362 (11th Cir. 2013); *Nesbitt*, 2014 WL 61236 at * 1. And once the one-year clock runs out, it cannot be restarted or reversed merely by filing a new state court or federal action. *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) (a state post-conviction motion filed after expiration of the limitations period cannot toll the period, because there is no period remaining to be tolled); *Nowill v. Barrow*, 2013 WL 504626 at * 1 n. 3 (S.D. Ga. Feb. 8, 2013); *Nesbitt*, 2014 WL 61236 at * 1.

Because Jackson never appealed (doc. 1 at 2), his conviction became final, and his one-year clock began to tick, in 2005. *Id.* at 4 ("In 2005 . . . I plead guilty. . . ."). Though neither Jackson nor his attached DOC info sheet supply a precise conviction date, that is immaterial because his conviction became final 30 days after his guilty plea. O.C.G.A. § 5-6-38 (defendants must file a notice of appeal within 30 days of the judgment challenged). So even if he was convicted on the last day of 2005, the fact remains that over a *decade* has since passed.

Jackson's petition "may still be timely if [he] is entitled to equitable tolling." *Aureoles v. Sec'y, D.O.C.*, 609 F. App'x 623, 624 (11th

Cir. 2015) (citing *Damren v. Florida*, 776 F.3d 816, 821 (11th Cir. 2015)). "A petitioner is entitled to equitable tolling if he can demonstrate that: (1) he has pursued his rights diligently; and (2) an extraordinary circumstance prevented him from filing a timely petition." *Id.* But Jackson presents nothing to indicate an extraordinary circumstance stood in the way of timely filing. He at one point claims that it took him seven years to get a transcript of his court proceedings. Doc. 1 at 4. Even if that's accepted as true and assumed to qualify as a clock-stopper, that only gets him to 2012, and the clock has been ticking since. Accordingly, his § 2254 petition should be **DENIED** as untimely.[4]

Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb.9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2254 ("The

---

[4] "If [a] district court considers the timeliness of [a § 2254] petition *sua sponte*, it must give the parties 'fair notice and an opportunity to present their positions." *Aureoles*, 609 F. App'x at 623 (quoting *Day v. McDonough*, 547 U.S. 198, 209 (2006)). Jackson is free to present any favorable timeliness arguments within the objection period set forth in Fed. R. Civ. P. 72(b)(2), which the Court extends to 28 days for purposes of affording him ample "notice and an opportunity to present [his] position[]." The Clerk is **DIRECTED** to note this extended due date on the docket.

district court *must* issue or deny a certificate of appealability when it enters a final order adverse to the applicant.") (emphasis added).

**SO REPORTED AND RECOMMENDED,** this __7TH__ day of April, 2016.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

Official Portal for the State of Georgia
Georgia Governor Nathan Deal

# Georgia Department of Corrections

- Find an Offender
- Find a Facility
- Send Money

Home
About GDC▽
Divisions▽
Offender Information▽
Community Services▽
News▽
Reports▽
GDC Jobs
GA Sex Offender Registry

SHARE  ★ Translate  Search: [   ] 🔍
TEXT

## Find an Offender

Click here to start over | Return to previous screen

The following represents the most recent information for this offender in our website database. However, this information is not delivered in "real time", and there may have been recent changes that are not displayed below. If you have questions, or find the below information incorrect, please contact/email us by clicking this link. Once you click the link, please select the category *'Information about a specific Offender/Transfers/County Jail Pick-up'*

**JACKSON, JIMMY**
**GDC ID: 0001221900**



Georgia Department of Corrections || - Find an Offender    http://www.dcor.state.ga.us/GDC/OffenderQuery/jsp/OffQryRedirector.jsp

PHYSICAL DESCRIPTION
| | |
|---|---|
| **YOB:** | 1965 |
| **RACE:** | BLACK |
| **GENDER:** | MALE |
| **HEIGHT:** | 5'08" |
| **WEIGHT:** | 220 |
| **EYE COLOR:** | BROWN |
| **HAIR COLOR:** | BLACK |

SCARS, MARKS, TATTOOS

INCARCERATION DETAILS
| | |
|---|---|
| **MAJOR OFFENSE:** | VOLUNTARY MANSLAUGHTER |
| **MOST RECENT INSTITUTION:** | DOOLY STATE PRISON |
| **MAX POSSIBLE RELEASE DATE:** | 09/28/2025 Important Release Information |
| | For parole information please go to Georgia State Board of Pardons and Paroles website. |
| **ACTUAL RELEASE DATE:** | CURRENTLY SERVING |
| **CURRENT STATUS:** | ACTIVE |

KNOWN ALIASES
| | |
|---|---|
| **A.K.A.** | ALIAS,BUCK ONE |
| **A.K.A.** | JACKSON,JIMMY |

STATE OF GEORGIA - CURRENT SENTENCES
**CASE NO: 608720**
| | |
|---|---|
| **OFFENSE:** | VOLUNTARY MANSLAUGHTER |
| **CONVICTION COUNTY:** | TOOMBS COUNTY |
| **CRIME COMMIT DATE:** | 09/29/2005 |
| **SENTENCE LENGTH:** | 20 YEARS, 0 MONTHS, 0 DAYS |

STATE OF GEORGIA - PRIOR SENTENCES

STATE OF GEORGIA - INCARCERATION HISTORY
| INCARCERATION BEGIN | INCARCERATION END |
|---|---|
| 07/25/2006 | ACTIVE |

Site Map
Privacy
Links
Contact Us
Help